**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMIE LYNEX, | ) NO. CV 14-4834-DOC(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| CALIFORNIA DEPARTMENT OF | ) |
| CORRECTIONS AND | ) |
| REHABILITATION, et al. | ) |
| Respondents. | ) |

On June 23, 2014, Petitioner, a state prisoner, filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("the Petition"). The Petition challenges the Petitioner's continuing detention in state prison, which is the product of Petitioner's conviction and sentence in Los Angeles Superior Court case No. PA034126 (Petition at 2-7(g)). Petitioner previously challenged this same conviction and sentence in a prior habeas corpus petition filed in this Court. See Lynex v. Garcia, CV 03-5742-AHS(SGL). On August 25, 2004, this Court entered Judgment in Lynex v. Garcia, CV 03-5742-AHS(SGL), denying and dismissing the prior petition on the merits with prejudice.

///

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the

_____

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Tommie Lynex has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

1 | petition and should dismiss it.") (citation omitted).

2

3 |     The fact that Petitioner styled the present Petition as a

4 | petition under section 2241 rather than 2254 cannot change the result

5 | herein.  Section 2254 "is the exclusive avenue for state court

6 | prisoner to challenge the constitutionality of his detention."  White

7 | v. Lambert, 370 F.3d 1002, 1007 (9th Cir.), cert. denied, 543 U.S. 991

8 | (2004), overruled on other grounds, Hayward v. Marshall, 603 F.3d 546

9 | (9th Cir. 2010), abrogated on other grounds, Swarthout v. Cooke, 131

10 | S. Ct. 859 (2011).  Consequently, "a state habeas petitioner may not

11 | avoid the limitations imposed on successive petitions by styling his

12 | petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. §

13 | 2254."  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert.

14 | denied, 528 U.S. 1178 (2000); accord Greenawalt v. Stewart, 105 F.3d

15 | 1287, 1288 (9th Cir.), cert. denied, 519 U.S. 1103 (1997); Stanton v.

16 | Law, 2008 WL 4679085, at *1-2 (D. Mont. Oct. 22, 2008), aff'd, 404

17 | Fed. App'x 158 (9th Cir. 2010).

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 |     For all of the foregoing reasons, the Petition is denied and

dismissed without prejudice.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

       DATED: July 21, 2014.

                            _David O. Carter_

              _____
                        DAVID O. CARTER
               UNITED STATES DISTRICT JUDGE

PRESENTED this 9th day of

July, 2014, by:

_____/S/_____
         CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE